IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07CR167-HEH |
| | ) | |
| MIGUEL ANGEL NAJERA-FRAIRE, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Miguel Angel Najera-Fraire ("Petitioner"), a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion.[1] Petitioner was convicted of reentering the country illegally after deportation, subsequent to a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). The Court sentenced Najera-Fraire to a ninety-six month term of imprisonment. Petitioner contends that he is entitled to 28 U.S.C. § 2255 relief because his Criminal History Category was calculated incorrectly under the advisory Sentencing Guidelines. The United States has responded.

Claims for relief based on an incorrect application of the Sentencing Guidelines "ordinarily are not cognizable in § 2255 proceedings." *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (citing *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999)). Specifically, "in the absence of a complete miscarriage of justice, § 2255 review is limited to constitutional and jurisdictional challenges." *Id.* (internal quotations

---

[1] On March 27, 2009, Petitioner filed another copy of his 28 U.S.C. § 2255 motion.

omitted).[2] As explained below, Petitioner had failed to demonstrate that any error occurred in calculating his Criminal History Category, much less that a miscarriage of justice occurred.

Here, Petitioner first complains that in calculating his Criminal History Category the Court improperly assigned him one criminal history point for each of the following offenses: "Driving while Suspended 2/06/02"; "Failure to Appear 7/19/02"; "Obstructing Justice 3/07/03"; and "Assault & Battery offense that was dismissed." (Petr.'s Mem. in Supp. of § 2255 1-2.) The Court, however, did not assign a criminal history point for the foregoing offenses in calculating Petitioner's Criminal History Category because the maximum number of one-point convictions under United States Sentencing Guidelines § 4A1.1(c) had been exceeded. (Presentence Report Worksheet C.) Thus, there is no merit to Petitioner's first complaint.

Second, Petitioner contends that he was incorrectly assigned two criminal history points because the instant offense was committed while he was on probation. On March 7, 1997, Petitioner was convicted of "Burglary of a Habitation - Force" by the 290th District Court, San Antonio, Texas. (Presentence Report at 8.) On that same day, the 290th District Court sentenced Petitioner to a five-year term of probation. On March 24, 1997, the United States Immigration and Naturalization Service ordered Petitioner

---

[2] "In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent." *United States v. Olano*, 507 U.S. 725, 736 (1993) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992)).

removed from the United States. Shortly, thereafter, Petitioner illegally reentered the United States. Although the exact date of Petitioner's reentry is not known, it is apparent that Petitioner reentered during the five-year term of his probation because on September 13, 1998, the General District Court for Prince William County, Virginia found Petitioner guilty of filing a false police report. (Presentence Report at 8.) Thus, Petitioner was properly awarded two criminal history points under USSG § 4A1.1(d). Petitioner has failed to demonstrate that he is entitled to § 2255 relief. Petitioner's 28 U.S.C. § 2255 motion will be denied. The action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

Date: Sept 3 2009
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge